1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   THOMAS EUGENE MOORE,                    No. CIV S-09-2838-GEB-CMK-P

12            Petitioner,

13      vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14   MIKE KNOWLES, et al.,

15            Respondents.

16   _____/

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2000 conviction from the

19   Sacramento Superior Court.

20            Petitioner indicates in his petition that he has other petition(s) pending as to the

21   judgment he is attacking in the instant petition.  A review of the court's own records[1] reveal that

22   petitioner has an active habeas action currently proceeding in case <u>Moore v. Horel</u>, CIV S-02-

23   0007 JAM DAD P.

24   / / /

25   _____

26        [1]    A court may take judicial notice of court records.  <u>See</u> <u>United States v. Wilson</u>,
     631 F.2d 118, 119 (9th Cir. 1980).

                                              1

1    Generally, a habeas petitioner is required to raise all colorable grounds for relief

2   in his first petition.  See McFarland v. Scott, 512 U.S. 849, 860 (1994) (O'Connor, J.,

3   concurring), Habeas Corpus Rule 2(c).  Under § 2244(b)(2), "[a] claim presented in a second or

4   successive habeas corpus application . . . that was not presented in a prior application shall be

5   dismissed. . . ." unless one of two circumstances exist.  28 U.S.C. § 2244(b)(2).  However,

6   where a pro se petitioner files a new petition before the district court has adjudicated the

7   petitioner's prior petition, the Ninth Circuit has directed that the court should construe the new

8   petition as a motion to amend the petition rather than as a "second or successive" petition.  See

9   Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008).

10    Applying the Ninth Circuit's holding in Woods, the court will construe

11   petitioner's pro se petition filed in this action as a motion to amend his pending habeas petition

12   in case CIV S-02-0007 JAM DAD P.  Of course, district courts have discretion to decide

13   whether a motion to amend should be granted.  See 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); see

14   also Woods, 525 F.3d at 890.  Whether petitioner should be allowed to amend his petition in

15   case CIV S-02-0007 JAM DAD P is a question properly left to the assigned judge in that earlier

16   filed case.

17    Based on the foregoing, the undersigned recommends that:

18    1.    The Clerk of the Court be directed to refile petitioner's petition (Doc. 1)

19   in petitioner's earlier filed case, CIV S-02-0007 JAM DAD P;

20    2.    The Clerk of the Court be further directed to refile petitioner's other

21   pending motions (Docs. 12, 13, 14) in the same case; and

22    3.    This action be closed.

23    These findings and recommendations are submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

25   after being served with these findings and recommendations, any party may file written

26   / / /

objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  January 18, 2011


                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE

3